UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON RHASHAUD IVY,

     Plaintiff,

v.                                                          Case No.:  2:24-cv-1097-SPC-NPM

JULIAN M. ZAPATA,

     Defendant.

                               /

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19).

## Background

This is a civil-rights case.  Plaintiff, Aaron Rhashaud Ivy, a prisoner of the Florida Department of Corrections ("FDOC"), proceeding pro se, brings this action under 42 U.S.C. § 1983. He alleges that Defendant, Julian M. Zapata, a correctional officer at Desoto Annex Correctional Institution, where Plaintiff is incarcerated, used excessive force against him in violation of the Eighth Amendment.  The Court recounts the factual background as pled in Plaintiff's Amended Complaint (Doc. 11), which it must take as true to decide whether the Complaint states a plausible claim.  *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On July 12, 2021, Plaintiff was walking from G-dorm to the medical center after reporting that he was feeling ill. Plaintiff encountered Defendant near the dorm entrance. After Defendant asked where he was going, Plaintiff responded that he was heading to the medical center for an emergency. Defendant then ordered him to submit to hand restraints (yelling at Plaintiff to "cuff up"). Plaintiff asserts that he immediately complied by stopping and placing his hands behind his back while waiting to be restrained. While Plaintiff was standing in that position and speaking to another officer, Plaintiff alleges that Defendant approached from behind, struck him in the face with a canister, sprayed him with a chemical agent (which Plaintiff describes as "mace"), and then slammed his head into the concrete. He alleges he suffered injuries, including vision loss, headaches, and ongoing pain.

Plaintiff further alleges that he was escorted to confinement, continued to report a medical emergency, and was later examined by medical staff. According to Plaintiff, medical personnel determined that his blood pressure was dangerously elevated, and so, he was placed in the infirmary for several days.

Importantly, Plaintiff also alleges in his Complaint that he was issued a disciplinary report ("DR") arising from this same incident for disobeying an order, which was upheld after a hearing. But he asserts that the DR was false

2

and fabricated to justify Defendant's use of force.  Plaintiff seeks injunctive relief and compensatory and punitive damages.

Defendant moves to dismiss, arguing, among other things, that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Plaintiff failed to exhaust administrative remedies.

### Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation.  The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

### Discussion

### 1. *Heck* Bar

Defendant argues that Plaintiff's claims are barred by *Heck*, which held that a plaintiff may not recover damages under § 1983 if a judgment in his favor would "necessarily imply the invalidity" of a conviction or sentence, unless that conviction or sentence has been invalidated. 512 U.S. at 487. This rule applies not only to criminal convictions but also to prison disciplinary proceedings in which the outcome affects the validity of the punishment imposed. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

Here, Plaintiff's allegations—particularly as clarified in his Response to the Motion to Dismiss—are that he fully complied with Defendant's orders and was subjected to wholly unprovoked and malicious force. Plaintiff further

4

asserts that the DR issued against him was fabricated to conceal Defendant's misconduct.

Accepting Plaintiff's version of events as true would necessarily require the Court to conclude that the disciplinary determination against him for disobeying an order, arising from the incident, was invalid. In other words, Plaintiff's theory depends on a finding that he did not engage in the conduct underlying the disciplinary action and that the force used against him was entirely unjustified. That is precisely the type of collateral attack barred by *Heck*. *See Dixon v. Hodges*, 887 F.3d 1235, 1237–39 (11th Cir. 2018) (holding excessive force claims are barred where success would negate a disciplinary conviction arising from the same incident).

While Plaintiff argues that he is not challenging his DR and that the *Heck* doctrine does not apply, the relevant inquiry is not whether Plaintiff expressly challenges the disciplinary conviction, but whether success on his claims would necessarily imply its invalidity. *Heck*, 512 U.S. at 487. Because Plaintiff's claims depend on a version of events that directly contradicts the basis for the disciplinary action (that Plaintiff engaged in misconduct that justified the officer's actions), his claims are barred unless and until that disciplinary determination has been invalidated. Plaintiff does not allege that it has been. Therefore, Plaintiff's claims are barred by *Heck* and must be dismissed.

5

**2. Exhaustion of Administrative Remedies**

Defendant also argues that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a claim challenging the conditions of his confinement, he must exhaust available administrative remedies. 42 U.S.C. § 1997e.

The purpose of administrative exhaustion "is to put the administrative authority on notice of all issues in contention and to allow the authority an opportunity to investigate those issues." *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (cleaned up). The PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Eleventh Circuit has established a two-step process for deciding a motion to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed…
>
> If the complaint is not subject to dismissal at the first step, where plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that

the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

The Florida legislature delegated the establishment of administrative remedies for aggrieved inmates to the FDOC. *Chandler*, 379 F.3d at 1287. The FDOC created a three-step grievance process. To exhaust it, a prisoner must (1) file an informal grievance to the responsible staff member; (2) file a formal grievance with the warden's office; and (3) appeal the formal grievance to the Secretary of the FDOC. *Id.* at 1288.

Under *Ross v. Blake*, an inmate must exhaust only those remedies that are "available." 578 U.S. 632, 642 (2016). Administrative remedies may be deemed unavailable where prison officials thwart inmates from using the grievance process. In his Response to the Motion to Dismiss, Plaintiff alleges that he filed grievances but did not receive responses and was effectively prevented from completing the grievance process. These allegations, taken as true at this stage, may implicate the "unavailability" exception described in *Ross*. However, because *Heck* independently bars Plaintiff's claims, the Court need not resolve the exhaustion issue.

7

### 3. Plaintiff's Supplemental Filings

Plaintiff also filed a Motion to Supplement Pleadings (Doc. 25), which the Court construes liberally as a motion for leave to amend or supplement under Rule 15, Federal Rules of Civil Procedure. Although leave to amend should be freely granted when justice so requires, a district court may deny leave to amend where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when the amended pleading would still be subject to dismissal. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

Plaintiff seeks to supplement his damages and requests a jury trial, but he does not allege any facts showing that the disciplinary determination underlying this action has been reversed, expunged, invalidated, or otherwise called into question. Nor do his supplemental filings otherwise cure the defects addressed above. Because Plaintiff's claims remain barred by *Heck*, amendment would be futile. Plaintiff's Motion to Supplement Pleadings is therefore denied.

Plaintiff additionally filed a "Public Record and Document Request" seeking records concerning an alleged criminal complaint and related investigation into the July 12, 2021, incident. To the extent Plaintiff seeks relief from this Court under Florida's public-records law, the request is not properly before the Court in this § 1983 action. Moreover, because the Court

concludes that Plaintiff's claims are barred under *Heck*, any request for discovery or production of records relating to the underlying incident is denied as moot.

Accordingly, it is now:

**ORDERED**:

(1) Defendant Julian M. Zapata's Motion to Dismiss (Doc. 19) is **GRANTED**.

(2) Plaintiff Aaron Rhashaud Ivy's claims are **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiff's Motion to Supplement Pleadings (Doc. 25) is **DENIED**.

(4) Plaintiff's "Public Record and Document Request" (Doc. 23) is **DENIED AS MOOT**.

(5) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, on May 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9